1   Pierre V. Miller II, T.A. (#17712)
    Andrew P. Burnside (#14116)
2   Patrick, Miller, Burnside & Belleau LLC
    400 Poydras Street, Suite 1680
3   New Orleans, Louisiana 70130
    Telephone (504) 527-5400
4   Facsimile (504) 527-5456

5   James C. Weseman (SBN 106,684) pro hac vice
    Law Offices of James C. Weseman, APC.
6   401 West A Street, Suite 1600
    San Diego, CA 92101
7   Telephone (619) 531-0950
    Facsimile (619) 531-0999

8
    Attorneys for Defendants
9   Wang's International, Inc. and Pilot Automotive, Inc.

10                  UNITED STATES DISTRICT COURT

11                  EASTERN DISTRICT OF LOUISIANA

12
    HARTCO ENGINEERING, INC.,            CIVIL ACTION
13
              Plaintiff.                 NO. 02-1500 "B" (4)
14
15       vs.

16   WANG'S INTERNATIONAL, INC.;         JUDGE IVAN L. R. LEMELLE
     PILOT AUTOMOTIVE, INC.;
     THE PEP BOYS-MANNY, MOE & JACK, INC.;   MAGISTRATE JUDGE
17   OVERTON'S, INC.;                    KAREN WELLS ROBY
     and DOES 1 through 10,
18
              Defendants.
19

20

21              RESPONSES TO PLAINTIFF'S SECOND SET OF
         INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
22
23       Pursuant to Federal Rule of Civil Procedure Rules 33 and 34, Defendants Wang's

24   International and Pilot Automotive (hereinafter "Wangs/Pilot or Defendant") hereby respond to

25   Hartco Engineering, Inc.'s (hereinafter "Plaintiff") Interrogatories and Request for Production of

26   Documents (hereafter "Interrogatories and Requests") as follows:

27

28
                                         1
Confidential – Subject to Protective Order

EXHIBIT
A

## INTERROGATORIES AND REQUESTS

I.     **GENERAL RESPONSES.**

    A.     Defendant's responses to Plaintiff's Interrogatories and Requests are made to the best of Defendant's current employees' present knowledge, information and belief.  Said responses are at all time subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's current employees' recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

    B.     Defendant reserves the right to supplement or amend this response, and to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to Plaintiff's Interrogatories and Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

    C.     Defendant will respond to each document request with documents currently in Defendant's possession, custody and control.  By stating in these responses that Defendant will produce documents or is searching for documents, Defendant does not represent that any document actually exits, but rather that Defendant will make a good faith search and attempt to ascertain whether documents responsive to Plaintiff's request do, in fact, exist.

    D.     Defendant reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in Plaintiff's request, in accordance with Federal Rule of Civil Procedure 34(b).

    E.     Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or

2

Confidential – Subject to Protective Order

any other action for any purpose whatsoever of this response and any document or thing produced in response to Plaintiff's request.

    F.    Defendant reserves the right to object on any ground at any time to such other or supplemental Interrogatories or Requests as Plaintiff may at any time propound involving or relating to the subject matter of these Interrogatories and Requests.

## II.    GENERAL OBJECTIONS.

    Defendant makes the following general objections, whether or not separately set forth in response to each Interrogatory and Request, to each instruction, definition, and interrogatory made in Plaintiff's Interrogatories:

    A.    Defendant objects generally to Interrogatory and Requests 1 through 4, inclusive, insofar as any such interrogatory or request seeks information protected by the attorney-client privilege, the work product doctrine or any other privilege recognized under Federal Rule of Evidence 501. Such information shall not be produced in response to the interrogatory or request, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine that may attach thereto.

    B.    Defendant objects generally to the introductory definitions and instructions to the Interrogatories and Requests to the extent said definitions or instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory or request on the grounds that such enlargement, expansion, or alteration renders said interrogatory or request vague, ambiguous, unintelligible, unduly broad and uncertain.

    C.    Defendant objects generally to all instructions, definitions and Interrogatories and Requests to the extent that they seek information and documents not currently in its possession, custody or control, or refer to persons, entities or events not known to Defendant, on the grounds

3

that such instructions, definitions, or Interrogatories seek to require more of Defendant than any

obligation imposed by law, would subject Defendant to unreasonable and undue annoyance,

oppression, burden, and expense and would seek to impose upon Defendant an obligation to

investigate or discover information or materials from third parties or sources who are equally

accessible to Plaintiff.

D.     Defendant objects generally to all instructions, definitions and Interrogatories and

Requests to the extent they seek information that is in the Plaintiff's possession, custody or control.

E.     Defendant objects generally to all definitions, instructions, and Interrogatories and

Requests to the extent they call for confidential, proprietary or trade secret information.  To the

extent that Defendant responds by stating that Defendant will produce information and/or

documents which it or any other party to this litigation deems to embody material that is private,

business confidential, proprietary, trade secret or otherwise protected from disclosure, defendant

will do so only in accordance with the protective order entered in this case.

## III.    SPECIFIC OBJECTIONS AND RESPONSES.

Without waiving or limiting in any manner any of the foregoing General Objections, but

rather incorporating them into each of the following responses to the extent applicable, Defendant

responds to the specific interrogatories in Plaintiff's Interrogatories as follows:

## INTERROGATORY NO. 1:

Apart from this lawsuit and the several lawsuits identified in Plaintiff Proffer No. 1 filed in

these proceedings (copy attached hereto), please state whether or not Wang's and/or Pilot and/or

Calvin Wang have every been accused of patent infringement, design patent infringement, trademark

infringement, trade dress infringement or unfair trade practices in any other proceeding either before

4

Confidential – Subject to Protective Order

a court or any other tribunal or official body of any nature.  If your answer is in the affirmative, then please identify each such claim, giving the following information with regard to each such claim:

    A.    The court or other tribunal or official body before which the claim was filed.

    B.    The name of the claimant(s) and the title of the proceeding and the docket number or other official number by which the proceeding is or was designated.

    C.    The name, address and telephone number of the attorney or other person representing the claimant or claimants.

    D.    The date the claim was asserted.

    E.    Describe the claim.

    F.    Describe the disposition of the claim and the date of the disposition

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Responses and Objections that are incorporated herein, Wangs/Pilot specifically objects to this interrogatory on the grounds that it calls for information that is irrelevant, immaterial and not reasonably calculated to lead to the production of admissible evidence that is relevant or material to any issue of packaging trade dress that is before the court in the present action.

The information sought by the present interrogatory is directed to evidence that prior rulings of this court have determined to have a potentially prejudicial effect that outweighs the probative value, and which is therefore inadmissible.  Based upon the general and specific objections stated above, Wangs/Pilot will not respond to this interrogatory.

**REQUEST NO. 1:**

Please produce all documents which were filed with the court, tribunal or other official body either in support of the claim or in defense against the claim.

5

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST NO. 1**

In addition to its General Responses and Objections that are incorporated herein, Wangs/Pilot specifically objects to this request on the grounds that it calls for documents that are irrelevant, immaterial and not reasonably calculated to lead to the production of admissible evidence that is relevant or material to any issue of packaging trade dress that is before the court in the present action.

The documents sought by the present request are directed to evidence that prior rulings of this court have determined to have a potentially prejudicial effect that outweighs the probative value, and which is therefore inadmissible. Based upon the general and specific objections stated above, Wangs/Pilot will not respond to this request.

Dated: 04/19/2006                    Law Offices of James C. Weseman, APC

By: _____
       James C. Weseman, Esquire

    Attorneys for Defendants
    Wang's International and Pilot Automotive

Of Counsel:

LAW OFFICE OF STEPHEN ATLAS
Stephen Atlas (SBN 174,896)
605 C Street, Suite 200
San Diego, CA  92101
Telephone (619) 702-9080
Facsimile (619) 235-6723

6

Confidential – Subject to Protective Order

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon:

Jack A. Alltmont, Esquire
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170

by facsimile and U.S. Mail, on this 20 day of April, 2006.

Pierre V. Miller II

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

I.    **GENERAL RESPONSES**.

    A.    Defendant's response to Plaintiff's Requests is made to the best of Defendant's current employees' present knowledge, information and belief. Said response is at all time subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's current employees' recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

    B.    Defendant reserves the right to amend and/or supplement and make any use of, or to introduce at any hearing and at trial, documents responsive to Plaintiff's Requests but discovered subsequent to the date of Defendant's initial production, including, but not limited to, any documents obtained in discovery herein.

    C.    Defendant will respond to each document request with documents currently in Defendant's possession, custody and control. By stating in this response that Defendant will produce documents or is searching for documents, Defendant does not represent that any document actually exits, but rather that Defendant will make a good faith search and attempt to ascertain whether documents responsive to Plaintiff's request do, in fact, exist.

    D.    Defendant reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in Plaintiff's Requests, in accordance with Federal Rule of Civil Procedure 34(b).

    E.    Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or

2

Confidential – Subject to Protective Order

1  any other action for any purpose whatsoever of this response and any document or thing produced in

2  response to Plaintiff's Requests.

3       F.       Defendant reserves the right to object on any ground at any time to such other or

4

5  supplemental requests for production as defendant may at any time propound involving or relating to

6  the subject matter of these Requests.

7  II.      **GENERAL OBJECTIONS.**

8           Defendant makes the following general objections, whether or not separately set forth in

9

10  response to each document request, to each and every instruction, definition, and document request

11  made in the document request. Each of the following objections are expressly incorporated into each

12  subsequent specific objection to individual document requests:

13       A.       Defendant objects generally to the Requests insofar as any such Request seeks

14  production of documents or things protected by Federal Rule of Evidence 501, the attorney-client

15  privilege or the work product doctrine. Such documents or things shall not be produced in response

16

17  to the document request, and any inadvertent production thereof shall not be deemed a waiver of any

18  privilege with respect to such documents or things or of any work product doctrine that may attach

19  thereto.

20       B.       Defendant objects to the introductory definitions and instructions to the document

21  request to the extent said definitions or instructions purport to enlarge, expand, or alter in any way the

22

23  plain meaning and scope of any specific request on the ground that such enlargement, expansion, or

24  alteration renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain.

25       C.       Defendant objects to all instructions, definitions and document requests to the extent

26  they seek documents not currently in its possession, custody or control, or refer to persons, entities or

27  events not known to defendant on the grounds that such instructions, definitions, or requests seek to

28

3

Confidential – Subject to Protective Order

1    require more of Defendant than any obligation imposed by law, would subject Defendant to

2    unreasonable and undue annoyance, oppression, burden and expense and would seek to impose upon

3    Defendant an obligation to investigate or discover information or materials from third parties or

4    sources who are equally accessible to Plaintiff.

5

6           D.      To the extent that Defendant responds to Plaintiff's document requests by stating that

7    Defendant will produce documents which it or any other party to this litigation deems to embody

8    material that is private, business confidential, proprietary, trade secret or otherwise protected from

9    disclosure, Defendant will do so only in accordance with the protective order entered in this case.

10

11          E.      Defendant further objects to all requests that refer generally or specifically to

12   Defendant's patents, patent applications, grant applications and related intellectual property,

13   including but not limited to Patent No. 6,086,438, as those requests are overbroad, burdensome,

14   invasive and not relevant to the issues in this action, nor calculated to lead to the discovery of

15   admissible evidence.  Defendant further objects to the production of any such documents to the

16   patent attorneys of Plaintiff who prosecute any patent applications for Plaintiff or litigate any patent

17   interference or litigation matters for Plaintiff.

18

19   **III.   SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS.**

20          Without waiving or limiting in any manner any of the foregoing General Objections, but

21   rather incorporating them into each of the following responses to the extent applicable, Defendant

22   responds to the specific document requests in Plaintiff's Third Set of Requests for Production of

23   Documents as follows:

24

25

26

27

28

4

Confidential – Subject to Protective Order

1  **REQUEST FOR PRODUCTION NO. 1:**

2      Please produce a certified true copy of each of the following documents:

3          a.    The annual profit and loss statements of Wang's and of Pilot for each annual

4  period ending in the years 2006, 2005, and 2004.

5          b.    Each balance sheet of Wang's and of Pilot for each annual period ending in

6  the years 2006, 2005, and 2004.

7          c.    Any financial statements prepared by or on behalf of Wang's, Pilot and/or

8  Calvin Wang during the years 2006, 2005, and 2004. If Wang's, Pilot and/or Calvin Wang did not

9  prepare any financial statements during the years 2006, 2005, and 2004, please produce with regard

10  to each of them the latest financial statement prepared by each of them.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

13      In addition to its General Responses and Objections that are incorporated herein,

14  Wangs/Pilot specifically objects to this request on the grounds that it is vague and ambiguous,

15  burdensome, oppressive and overbroad and calls for documents that are irrelevant, immaterial and

16  not reasonably calculated to lead to the production of admissible evidence that is relevant or

17

18  material to any issue that is before the court in the present action. Wangs/Pilot further objects to

19  this request insofar as it seeks confidential information from Wangs/Pilot and from non-parties to

20  be disclosed to a direct competitor without a protective order.

21      The documents sought by the present request include documents that disclose the overall

22

23  financial condition of Wangs/Pilot, issues that are not relevant to the present action. Wangs/Pilot

24  has previously and will continue to respond to requests for documents and information regarding

25  the product line that is the subject of the present action

26      The documents sought by the present request also include documents of a third person,

27

28  Calvin Wang, who is not a party to the present action. To the extent that the document request is

5

1    directed to parties, such request is objected to for all the above stated reasons.  Based upon the

2    general and specific objections stated above, Wangs/Pilot will not respond to this request.

3

4

5

6    Dated: _25 April 2006_                          Law Offices of James C. Weseman, APC

7

8

9

10                                             By: _____

                                                    James C. Weseman, Esquire

11

                                                 Attorneys for Defendants
12                                               Wang's International and Pilot Automotive

13

14    Of Counsel:

15    LAW OFFICE OF STEPHEN ATLAS
      Stephen Atlas (SBN 174,896)
16    605 C Street, Suite 200
      San Diego, CA  92101
17    Telephone (619) 702-9080
      Facsimile (619) 235-6723
18

19

20

21

22

23

24

25

26

27

28

6

Confidential – Subject to Protective Order

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon:

Jack A. Alltmont, Esquire
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170

by U.S. Mail, first class postage prepaid, on this 26th day of April, 2006.

Andrew P. Burnside