UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARTCO ENGINEERING, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  02-1500** |
| **WANG'S INTERNATIONAL, INC., ET AL** | **SECTION: "B"(4)** |

## ORDER

Before the Court is a **Motion To Compel Discovery (doc. # 197)** filed by the plaintiff Hartco Engineering, Inc. ("Hartco"), seeking an order from the Court compelling Wang's International, Inc., and Pilot Automotive, Inc., (collectively "the defendants") to respond to its second and third set of interrogatories and requests for production.  The defendants timely filed an opposition motion.

The motion was heard with oral argument on May 31, 2006.

**I.     Background**

The following is taken from the opinion of the Federal Circuit in this matter.  *See* 142 Fed. Appx. 455 (Fed. Cir. 2005).  This case arises from a patent and trade dress infringement claim brought by Hartco against the defendants involving a decorative propeller device that attaches to the trailer hitch of a vehicle and spins from the force of moving air similar to a windmill.  *Id.* at 456.  The patent, issued on November 17, 1998, is for a three-bladed hitchcover and is issued to Hartco.  *Id.*  The trade

dress at issue relates to the design of the product, the decorative hitchcover, and the packaging of the product. *Id.*

Prior to the suit, Hartco contracted with Wang's International to purchase and distribute its patented three bladed trailer hitchcover. *Id.* The contract lasted for two years at which time Hartco proposed to raise the price by 40% and Wang's declined to continue distribution at the new price. *Id* at 457. Wang's then chose to market its own four-bladed trailer hitchcover and was issued a patent for a four-bladed propeller on July 11, 2000. *Id.* In May 2001, Hartco filed a complaint against Wang's and its sister company Pilot Automotive alleging patent and trade dress infringement. *Id.* After a three day jury trial the jury found willful patent and trade dress infringement and awarded approximately 1.7 million dollars to Hartco. *Id.* Both Hartco and Wang appealed. *Id.*

The Federal Circuit concluded that no patent infringement existed as a matter of law, that no trade dress infringement for product design existed as a matter of law, but that substantial evidence existed for the jury to conclude trade dress infringement for packaging. *Id.* at 459-461. The Circuit Court then vacated the damages award and remanded for an appropriate damages award for packaging trade dress infringement. *Id.* at 461.

After remand, Hartco served a second set of interrogatories and requests for production consisting of one interrogatory and one request for production, and a third set of requests for production consisting of one request for production. The defendants answered on April 20, 2006, objecting to all of the interrogatories and requests. Hartco then filed this motion to compel.

## II. Standard of Review

The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Further, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Courts have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue."  *Zenith Elecs. Corp. v Exzec, Inc.,* 1998 WL 9181, *3 (N.D.Ill 1998) (quoting *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill.1997)).  Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery."  *Id.*

**III.   Analysis**

    **A.   Interrogatory Number 1 and Request for Production 1**

Interrogatory number 1 reads:

> Apart from this lawsuit and the several lawsuits identified in Plaintiff Proffer No. 1 filed in these proceedings . . . please state whether or not Wang's and or Pilot and or Calvin Wang have ever been accused of patent infringement, design patent infringement, trademark infringement, trade dress infringement or unfair trade practices in any other proceeding either before a court or other tribunal or official body of any nature.  If your answer is in the affirmative, then please identify each such claim, giving the following [various terms about the date, claim asserted, and the name of counsel, etc] factual information with regard to each such claim.

The defendants responded by stating:

> In addition to the General Responses and Objections that are incorporated herein, Wangs/Pilot specifically objects to this interrogatory on the grounds that it calls for information that is irrelevant, immaterial, and not reasonably calculated to lead to discoverable evidence that is relevant or material to any issue of packaging trade dress that is before the court in the present action.  The information sought by the present interrogatory is directed to evidence that prior rulings of this court have determined to have a potentially prejudicial effect that outweighs the probative value, and which

is therefore inadmissible. Based up on the general and specific objections states above, Wangs/Pilot will not respond to the interrogatory.

Request for Production Number 1 seeks the production of "all documents which were filed with the court, tribunal, or other official body either in support of the claim or in defense against the claim." The defendants answered in a substantially similar manner to their objection quoted above.

Hartco argues that the issue before the Court is quantum; disgorgement of profits, attorney's fees and costs. Hartco alleges under the Fifth Circuit's ruling in *Pebble Beach v. Tour 18 Limited*, equitable principles and the public interest in making the misconduct unprofitable requires that the Court consider whether the defendants are serial infringers when quantifying damages. *See* 155 F.3d 526, 554 (5th Cir. 1998)

The defendants argue that the District Court already ruled that "other claims" are not admissible. They also argue that such information is not relevant to an award of lost profits under the relevant factors contemplated in *Pebble Beach*.

First, the Court notes that the District Court's ruling that excluded evidence of prior acts as irrelevant or overly prejudicial related to the admission of other acts evidence during the jury trial proceeding. In this case, the discovery standard is not as constrained, indeed, discovery must only be reasonably calculated to lead to discoverable evidence. Accordingly, the Court concludes that Wang's argument does not preclude the compelling of the subject discovery.

The Court next turns to the parties' arguments under *Pebble Beach*. In *Pebble Beach*, the Court first noted that "Section 1117(a) of the Lanham Act entitles a markholder to recover the defendant's profits, subject to the principles of equity." *Pebble Beach*, 155 F.3d at 554. The Court then noted that:

> while this court has not required a particular factor to be present, relevant factors to the court's determination of whether an award of profits is appropriate include, but are not limited to, (1) whether the defendant had the intent to confuse or deceive, (2) whether

sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

*Id.* While evidence of other infringement is not listed as a factor, the Court notes that such evidence could be subsumed in the first factor concerning whether the defendants had the intent to confuse or deceive the consumer by its choice of packaging. Thus, discovery on this issue may lead to discoverable evidence. However, claims of patent infringement and trade dress infringement for product configuration are not relevant and therefore not discoverable.

During the hearing both parties informed the Court that they reached a settlement regarding the third request for production which sought certain financial information from the defendants. Finally, because the motion is granted in part and denied in part, the Court will not award sanctions at this time.

Accordingly,

**IT IS ORDERED THAT** Hartco's **Motion To Compel Discovery (doc. # 197)** is **GRANTED IN PART and DENIED IN PART**. It is granted to the extent that the defendants must answer Hartco's second set of interrogatories and requests for production but its responses are limited to claims of trade dress infringement for packaging. It is denied in all other respects.

New Orleans, Louisiana, this 12th day of June 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**