FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG -4  PM 1:39

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARTCO ENGINEERING, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 02-1500** |
| **WANG'S INTERNATIONAL, ET AL.** | **SECTION "B" (4)** |

## ORDER AND REASONS

Before the Court are the following motions: (1) Defendants' Motion for Relief from Judgment Filed by the Pep Boys-Manny, Joe and Jack, and Overton's, Inc. (Rec. Doc. No. 194); (2) Defendants', Wang's International, Inc. and Pilot Automotive, Inc., Cross Motion for Summary Judgment (Rec. Doc. No. 227); (3) Plaintiff's Motion to Strike Jury Trial and Entry of Monetary Judgment (Rec. Doc. No. 195); and (4) Defendants', Wang's International, Inc. and Pilot Automotive, Inc., Motion to Strike Portions of Plaintiff's Memorandum in Support of Motion to Strike Jury Trial and Monetary Judgment (Rec. Doc. No. 204). The Court has considered all briefs, oppositions, and supplemental briefing.

For the foregoing reasons, **IT IS ORDERED** that Defendants' motions for summary judgment, Plaintiff's motion for entry of judgment without trial and Defendants' motion to strike portions of Plaintiff's memorandum are hereby **DENIED**, and Defendants' motion for relief from judgment is **GRANTED** with the following proviso.

## Background

In 1998 Cary Harwood, now a principle for Plaintiff, Harto Engineering, Inc. ("Hartco"),

1

.

obtained a design patent for a decorative trailer hitch cover designed to resemble a three bladed motor boat propeller. On November 17, 1998, Harwood licensed his patent to Hartco. In August 2002, Harwood assigned the Patent to Hartco, effective November 17, 1998. In 1998, Hartco and Wang's International, Inc. and Pilot Automotive, Inc. ("Wang's/Pilot" or "Wang's") – a supplier and distributor of car and truck accessories to retail automotive chains, mass marketers, and other distributors – entered into an agreement in which Hartco sublicensed Wang's to sell the Hartco Hitch Covers. Wang's subsequently altered the design to consist of four propellers instead of three, and began to sell that cover in competition with the Hartco product. Seven months after entering into the deal with Hartco, Calvin Wang, president of Wang's, applied for a "utility patent" on what he represented as an improved version of an ornamental propeller hitch cover. Mr. Wang alleged that his propeller included changes which made it more aerodynamic and which allowed the propeller to spin better. He obtained that patent on July 11, 2000. Hartco claimed at trial that in addition to being a "knock off" of their product, Wang's product was also packaged in a retail package designed to mimic that of Hartco's product.

On March 22, 2004, this Court held a jury trial on allegations of patent, trademark and trade dress infringement against Defendants, Wang's International, Inc. and Pilot Automotive, Inc. ("Wang's/Pilot" or "Wang's"). After a three-day trial, the jury found willful patent and trade dress infringement and awarded $1,799,845 in damages to Plaintiff, Harto Engineering, Inc. ("Hartco"). The Court reduced the amount of the award to $826,749, plus pre-judgment interest, because the jury award accounted for both Hartco's lost sales and Wang's profits. The Court also increased the damages award by $383,936 for enhanced damages, and awarded $190,000 for attorneys' fees and $40,547 for out-of-pocket expenses. On July 13, 2004, the Court denied

2

Defendant's motions to enter judgment as a matter of law or alternatively to grant a new trial. Defendant's appealed the denial of their motion for judgment as a matter of law or alternatively for a new trial and Plaintiff cross-appealed the damage award, arguing it should be increased.

The Federal Circuit reversed the Court's denial of defendant's motion for judgment as a matter of law on design patent and product design trade dress infringement and affirmed the denial on trade dress infringement on packaging. The damages decision was vacated, including the enhancement of damages, out-of-pocket expenses, and attorney fees; Plaintiff's cross-appeal was dismissed. (Rec. Doc. No. 184). This action is now before the court on remand "for further proceedings to determine the appropriate damages award for the packaging trade dress infringement." (Rec. Doc. No. 184 at 12).[1] Hartco seeks disgorgement of Wang's/Pilot profits under theories of unjust enrichment, deterrence, and compensation. Hartco contends it is entitled to disgorgement of profits to remedy unjust enrichment and deter future infringement, while recognizing proof of trade dress infringement is difficult to quantify in a case intertwined with other infringement claims.

## Law and Argument

### A. Plaintiff's Motion to Strike Jury Trial and for Entry of Monetary Judgment & Defendants' Cross-Motion for Summary Judgment:

In lieu of a trial, Hartco seeks a hearing and the entry of a monetary judgment on the basis of the prior jury's factual findings that Wang's/Pilot willfully infringed Hartco's trade dress and Wang's/Pilot profited in the amount of $973,096. Construing the Plaintiff's motion above as a motion for summary judgment, Wang's/Pilot cross-moved for summary judgment as a matter of

---

[1] The Federal Circuit did not address the parties' arguments regarding damages.

law dismissing the action with prejudice at Plaintiff's cost. Wang's/Pilot argues that the jury's prior fact-finding is not sufficient because evidence was not produced to satisfy the five factor standard in Pebble Beach v. Tour, 155 F.3d 526, 554-55 (5th Cir. 1998), or to show Wang's/Pilot profits were attributable to the use of the mark in question.

**1. Lanham Act**

15 U.S.C. § 1117(a) entitles a markholder to recover the profits earned by a defendant from infringement of the mark, subject to principles of equity. The statute provides:

> (a) When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d) or a willful violation under section 43(c), shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the Plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. <u>In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed</u>. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment of such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. <u>The court in exceptional cases may award reasonable attorney fees to the prevailing party</u>.

(emphasis added). It is a well-settled principle of trademark law that "[s]uch an award of profits

is not automatic and is subject to the discretion of the court." Pebble BeachCo. v. Tour 18 I Limited, 155 F.3d 526, 554 (5th Cir. 1998). While the Fifth Circuit has not required the finding of a particular factor, relevant factors to a court's determination of whether an award of profits is appropriate includes but is not limited to (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off. Pebble BeachCo. v. Tour 18I Limited, 155 F.3d 526, 554 (5th Cir. 1998). See also Texas Pigs, Inc. v. Hard Rock Café Int'l, Inc., 951 F.2d 684, 695 (5th Cir. 1992); Maltina, 613 F.2d at 585). Once an award is found to be appropriate, a markholder is only entitled to those profits attributable to the unlawful use of its mark. Id. (citing Texas Pig, 951 F.2d at 696).

The Court finds an award is appropriate here. The Fifth Circuit affirmed the jury's verdict related to trade dress packaging infringement. Wang's/Pilot contends the jury verdict of willful trade dress infringement is not dispositive on the "willfulness" issue here. In response to Interrogatory No. 7, the jury answered "Yes" to the question "Do you find that Wang's/Pilot willfully infringed on Hartco's trade dress?"and "Yes" to Interrogatory No. 3, which asked "Do you find that the trade dress of the Wang's Pilot device is substantially similar or confusingly similar to the trade dress of the Hartco hitch cover?" Wang's/Pilot argues the Court cannot base a finding of "willful" infringement on the answer to the jury interrogatory. Defendants contend that because the questions does not distinguish between trade dress infringement on product design (Fed Cir. reversed jury verdict) and trade dress infringement on packaging (affirmed), the Court should hear testimony or grant partial summary judgment on whether the trade dress

5

infringement on packaging was willful.

Even though the Federal Circuit did not explicitly affirm the jury's determination of "willfulness" as it related to trade dress packaging, we find the higher court affirmed the jury's willful determination. In deciding whether Wang's/Pilot committed trade dress packaging infringement, the Federal Circuit considered whether the packaging of the trade dress created likelihood of consumer confusion. The court noted, "Hartco further presented evidence that Wang's/Pilot intended to copy Hartco's packaging." (Rec. Doc. No. 184 at 11). The issue of willfulness is not to be re-tried before this Court; the Federal Circuit determined the record contained sufficient evidence to sustain the jury's verdict. This action is now before the Court on remand "for further proceedings to determine the appropriate damages award for the packaging trade dress infringement." (Rec. Doc. No. 184 at 12). The language suggests the Federal Circuit's concern was that the damages relate to the claim for which Plaintiff is entitled to recover. Therefore, the Court's sole task is to review any evidence in the trial record, as well as new evidence stipulated to or presented by either party, to calculate the appropriate damage award for packaging trade dress infringement.

## 2. Profits and Damages

Having determined damages and attorneys fees and costs as the sole issues before the Court, we turn to 15 U.S.C. § 1117(a), which permits Plaintiff "to recover (1) defendant's profits, (2) any damages sustained by the Plaintiff, and (3) the costs of the action," subject to principles of equity.

As here, "[o]nce an award is found to be appropriate, a markholder is only entitled to those profits attributable to the unlawful use of its mark." Pebble Beach, 155 F.3d at 554. To

determine the Defendant's profits, the burden is on the defendant to show that he made no profit from the infringing use of the mark. Id. (citing Mishawaka, 316 U.S. at 206). 15 U.S.C. § 1117(a) provides, "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." Moreover, contrary to Wang's/Pilot's argument, "the fact that the Plaintiffs only partially prevailed does not weigh against an accounting of profits." Pebble Beach, 155 F.3d at 555. "Under 15 U.S.C. Section 1117, the plaintiff has the burden of showing the amount of the defendant's sales of the infringing product. The defendant has the burden of showing all elements of cost and other deductions." Maltina Corp., 613 F.2d at 585. "The courts have expressed two views of the circumstances in which an accounting is proper under 15 U.S.C. § 1117." Maltina Corp. v. Cawy Bottling Co., Inc. 613 F.2d 582, 584 (5th Cir. 1980). In the Fifth Circuit, diversion of sales is not a prerequisite to an award of an accounting, id. at 585; and accounting is proper even if the defendant and plaintiff are not in direct competition, and the defendants' infringement has not diverted sales from the plaintiff, id. at 585 (following Austin Professional Hockey Ass'n v. Dallas Cap & Emblem Manufacturing, Inc., 597 F.2d 71, 75 (5th Cir. 1979)). Because proof of actual damage is often difficult, a court may award damages based on defendant's profits on the theory of unjust enrichment. See Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d at 903, 918 (Fed. Cir. 1984).

The parties here have stipulated to the amount of sales. The Defendants' argument that Plaintiff fails to distinguish between profits attributable to packaging infringement and product design must fail on the law. "Although the award of profits is designed to make the plaintiff whole for losses which the infringer has caused by taking what did not belong to him, Congress

7

did not put upon the despoiled the burden – as often as not impossible to sustain – of showing that but for the defendant's unlawful use of the mark, particular customers would have purchased the plaintiff's goods." <u>Mishawaka Rubber v. S.S. Krsge Co.</u>, 316 U.S. 203, 206 (1942). <u>See also</u> <u>Boston Professional Hockey v. Dallas Cap & Emblem Mfg., Inc.</u>, 597 F.2d 71, 75-76 (5th Cir. 1979) (plaintiff's failure to quantify any damages from diverted sales did not preclude recovery for deprivation of economic benefits that would have accrued from licensing); <u>Shen Mfg. Co. v. Suncrest Mills, Inc.</u>, 673 F. Supp. 1199, 1206 (S.D.N.Y. 1987) (defendant's intentional copying entitles plaintiff to profits based on unjust enrichment theory despite failure to prove any instance of actual confusion).

However, "[i]f it can be shown that the infringement had no relation to profits made by the defendant, that some purchasers bought goods bearing the infringing mark because of the defendant's recommendation or his reputation or for any reason other than a response to the diffused appeal of the plaintiff's symbol, the burden of showing this is upon the poacher. The plaintiff of course is not entitled to profits demonstrably not attributable to the unlawful use of his mark." <u>Id.</u>

The Court notes many courts have denied a monetary award in infringement cases when damages are remote and speculative. <u>See</u> <u>generally</u> <u>Foxtrap, Inc. v. Foxtrap, Inc.</u>, 217 U.S. App. D.C. 130, 671 F.2d 636, 642 (D.C. Cir. 1982) ("any award based on plaintiff's damages requires some showing of actual loss"); <u>Burndy Corp. v. Teledyne Industries, Inc.</u>, 584 F. Supp. 656, 664 (D.C. Conn.) ("no assessment of damages is authorized if it is not based on actually proven damages."), aff'd 748 F.2d 767 (2d Cir. 1984); <u>Invicta Plastics Ltd. v. Mego Corp.</u>, 523 F. Supp. 619, 624 (S.D.N.Y. 1981) ("damages will not be awarded in the absence of credible evidence

8

demonstrating injury to the plaintiff from defendant's sales."); <u>Vuitton et Fils, S.A. v. Crown Handbags</u>, 492 F. Supp. 1071, 1077 (S.D.N.Y. 1979) ("The discretionary award of either damages or profits assumes an evidentiary basis on which to rest such an award. Without such a basis there can be no recovery."), aff'd, 622 F.2d 577 (2d Cir. 1980).

### 3. Attorneys' Fees

"Reasonable attorney fees" may be awarded to the prevailing party under the Lanham Act in "exceptional cases," 15 U.S.C. § 1117(a), such as instances of "willful infringement" or "fraud or bad faith." <u>Patsy's Brand, Inc. v. I.O.B. Realty, Inc.</u>, 317 F.3d 209, 221 (2d Cir. 2003). <u>But see</u> <u>Nutting v. Ram Southwest, Inc.</u>, 2003 U.S. App. LEXIS 8379 (Fed. Cir. May 1, 2003), <u>reh'g denied</u>, 2003 U.S. App. LEXIS 11898 (May 28, 2003) (finding abuse of discretion under Tenth Circuit law because"the fact that [defendant's] violations were found to be willful, standing alone, is insufficient to invoke the court's power under section 35(a) to correct for inadequate recovery"). As stated above, the Court finds that Wang's/Pilot's actions constituted willful infringement and thus may constitute an "exceptional case" warranting reasonable attorney fees. Moreover, the Court finds Defendants' argument that attorney fees should reflect that Plaintiff only prevailed in one claim inopposite. The Court will receive testimony on the record on the issues of entitlement of attorneys' fees along with the calculation of same.

### B. Motion for Relief From Judgment:

The Court entered Judgment for Injunctive Relief on June 28, 2004 (Rec. Doc. No. 147) against all defendants and Judgment for Monetary Award on July 1, 2004 (Rec. Doc. No. 151) against Wang's/Pilot. Defendants, The Pep Boys– Manny, Moe and Jack ("<u>Pep Boys</u>") and Overton's, Inc. ("<u>Overton</u>"), seek dismissal and relief from the Court's June and July 2004

judgments under Federal Rule of Civil Procedure 60(b)(5) where "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

Defendants argue they are not subject to any injunction on the basis of trade dress packaging infringement due to the Federal Circuit's footnote, that Pep Boys and Overton "are customers of Wang's International, Inc. and Wang's sister company, Pilot Automotive, Inc., with limited involvement in the activities that gave rise to this action. Specifically, they are only involved in the patent infringement claim." (Rec. Doc. No. 184 at 1 n.1) (emphasis added). Therefore, Pep Boys and Overton argue this shows the Federal Circuit believes Pep Boys and Overton did not satisfy the "use in commerce" provision of the Lanham Act, 15, U.S. C. § 1127(1)(A)&(B): "(1) place the mark on the good or their containers and (2) sell or transport the goods interstate commerce." As purchasers of the infringing product, Pep Boys and Overton contends they did not place the mark on Wang's packaging, but simply resold the offending package.

The Court finds the Federal Circuit's footnote does not give Pep Boys and Overton permission to commit trade dress packaging infringement. The Court's Judgment for Injunctive Relief specifically states, "The trade dress of the Bully Hitch Cover, including the appearance of the product and the commercial display packaging thereof, infringes on the trade dress of the Hartco device and is substantially similar and confusingly similar to the trade dress of the Hartco device," (Rec. Doc. No. 147 at ¶3), and "Hartco was damaged by infringement of the Hartco Patent and trade dress by Wang's, Pilot, Pep Boy and Overton's," (Rec. Doc. No. 147 at ¶4). However, the Court sees no reason to maintain the injunction if the parties can reach a stipulation

whereby Defendants Pep Boys and Overton's agree not to use the infringing packaging.

Therefore, as discussed in the pre-trial conference on August 2, 2006, the Court **GRANTS** Defendants' Motion for Relief from Judgment, <u>provided</u> the parties reach a stipulation where Defendants agree not to sell products using the infringing packaging. The parties are directed to file such stipulation with the Court **<u>no later than August 7, 2006.</u>** Failure to do so will lead to automatic denial of said motion without further notice.

For the reasons stated above and those stated orally during the pre-trial conference held on July 20, 2006 and August 2, 2006, the Court **DENIES** Plaintiff's motion to strike jury trial and award monetary damages based on the record at trial, **DENIES** Defendants' motion for summary judgment, and **DENIES** Defendants' motion to strike Portions of Plaintiff's memorandum in support of motion to strike jury trial and monetary judgment as **MOOT**. The Defendants' motion for relief from judgment is **GRANTED** according to the proviso explained above.

Further, **IT IS ORDERED** that the jury is stricken for the above captioned matter and the trial will proceed before the Court, based on the Federal Circuit's opinion.

New Orleans, Louisiana, this 3rd day of August, 2006.

                                                IVAN L.R. LEMELLE
                                    UNITED STATES DISTRICT JUDGE